

**21L6-CC00134 - ESTATE OF ANNA BOHLEN VS. HARTFORD LIFE & ACCIDENT (E-CASE)**

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending   ○ Ascending   Display Options: All Entries

| | |
|---|---|
| 11/05/2021 | **Notice of Service** |
| | 21-SMCC-338; Electronic Filing Certificate of Service. |
| 11/02/2021 | **Corporation Served** |
| | Document ID - 21-SMCC-338; Served To - HARTFORD LIFE & ACCIDENT INSURANCE COMPANY; Server - SPECIAL PROCESS SERVER; Served Date - 08-NOV-21; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served; Service Text - RETURN SERVICE |
| 10/21/2021 | **Summons Issued-Circuit** |
| | Document ID: 21-SMCC-338, for HARTFORD LIFE & ACCIDENT INSURANCE COMPANY. |
| 10/13/2021 | **Filing Info Sheet eFiling** |
| | **Filed By:** LEE RENEAU ELLIOTT |
| | **Exhibit Filed** |
| | Exhibit 1 - Denial Letter. |
| | **Filed By:** LEE RENEAU ELLIOTT |
| | **On Behalf Of:** ESTATE OF ANNA F. BOHLEN |
| | **Pet Filed in Circuit Ct** |
| | Petition for Breach of Insurance Contract and for Vexatious Refusal. |
| | **Filed By:** LEE RENEAU ELLIOTT |
| | **Judge Assigned** |

Case.net Version 5.14.27   Return to Top of Page   Released 11/09/2021

**EXHIBIT A**

IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSOURI

| | |
|---|---|
| THE ESTATE OF ANNA F. BOHLEN, <br>    deceased; <br><br> ELMER CHARLES BOHLEN, JR., <br>    Personal Representative, <br><br>    Plaintiff, <br><br> vs. <br><br> HARTFORD LIFE AND ACCIDENT <br>    INSURANCE COMPANY, <br><br>    Defendant. <br><br> serve:    C.T. CORPORATION SYSTEM <br>           120 SOUTH CENTRAL <br>           CLAYTON, MO  63105 | Cause No. _____ |

PETITION FOR BREACH OF INSURANCE CONTRACT
AND
FOR DAMAGES FOR VEXATIOUS REFUSAL

Count I – Breach of Insurance Contract

      Comes now the plaintiff, The Estate of Anna F. Bohlen, deceased, by her personal representative, Elmer Charles Bohlen, Jr., and states the following facts as his first cause:

      1.    Anna F. Bohlen died December 4, 2020, and her son, Elmer Charles Bohlen, Jr., was appointed her Personal Representative in the Probate Court of Lincoln County, Missouri, in Estate Number 21L6-PR00065.

      2.    During her lifetime, the late Anna F. Bohlen had a policy of insurance with the defendant insurance company, Policy Number ADD-11188, through her membership in the Ladies Auxiliary VFW, the premiums for which policy have been duly paid in full.

# EXHIBIT A

3. The said policy provided a face-value benefit of Thirty Thousand Dollars ($30,000) for accidental death, under circumstances and conditions described in the policy. The plaintiff does not have a copy of the said policy to attach to this petition.

4. The insured, Anna F. Bohlen, had designated a beneficiary who predeceased her, and named no other eligible beneficiary, such that her estate, the plaintiff herein, is the rightful payee under the policy.

5. Anna F. Bohlen died Sunday, December 4, 2020, as a direct result of a subdural hematoma she sustained when she fell as she was alighting from a motor vehicle in which she was a passenger, on Wednesday, November 30, 2020, in the driveway of her residence at 545 Blackmore Road, Foley, Missouri.

6. The said policy of insurance defined "Covered Accident" in pertinent part, as follows:

"Type C: Motor Vehicle/Pedestrian Accident: must occur while a Covered Person is . . . a passenger riding in, entering **or alighting from** a Motor Vehicle." (emphasis added)

7. The defendant is in breach of its contract for insurance in that it has failed and refused to honor the claim of the plaintiff, such that the plaintiff has therefore been damaged in the principal amount of Thirty Thousand Dollars ($30,000.00).

8. The defendant made its first demand for payment July 27, 2021, and is entitled to pre-judgment interest at the statutory rate of nine percent (9%) per annum since that date.

WHEREFORE, the plaintiff prays this Honorable Court grant him judgment against the defendant in the amount of Thirty Thousand Dollars ($30,000), plus pre-judgment interest thereon at the statutory rate from the date of first demand, and its the costs incurred herein.

# EXHIBIT A

Count II – Vexatious Refusal

Comes now the plaintiff and states the following facts as its second cause of action:

1. The facts contained in Count I, paragraphs one through eight, are realleged and incorporated herein as though set forth in their entirety.

2. The said denial, as shown in the accompanying Exhibit 1 – Denial Letter, was based on unsworn and anonymous hearsay statements erroneously interpreted and entered into the decedent's hospital records by a person who was not present at the scene of the accident, had no personal knowledge of the events, and whose interest was not in getting the particular facts of the accident correct, whereas the plaintiff and his wife, Deborha Bohlen, were present and witnessed the accident, and who gave sworn affidavit as to how and where it occurred, which written, sworn eyewitness testimony was rejected by the defendant in denying the claim.

3. The defendant's said denial of the plaintiff's claim contained in Exhibit 1 was vexatious, in bad faith, and without reasonable cause or excuse, in violation of Sections 375.296 and 375.420 R.S.Mo. (2021), such that the plaintiff is entitled to a statutory penalty of twenty percent (20%) of the first fifteen hundred dollars ($1,500) plus ten percent (10%) of the loss in excess of fifteen hundred dollars ($1,500), calculated herein to be approximately Three Thousand One Hundred Fifty Dollars ($3,150), and, in addition, its reasonable attorney's fees incurred herein.

WHEREFORE, the plaintiff prays for the statutory penalites and reasonable attorney's fees under Sections 375.296 and 375.420 R.S.Mo. (2021), in addition to their actual damages as set forth in Count I, and for the costs of this action.

# EXHIBIT A

Electronically Filed - LINCOLN COUNTY - October 13, 2021 - 04:30 PM

/s/ Lee R. Elliott

Lee R. Elliott – MBE# 29061
Attorney for the Plaintiff
151 West College Street
Post Office Box 225
Troy, Missouri  63379
(636) 528-8484 *voice & fax*
LRElliott@aol.com

4

# EXHIBIT A



**THE HARTFORD**

October 5, 2021

Lee R. Elliott, Attorney at Law
151 West College Street
Post Office Box 225
Troy, Missouri 63379

| | |
|---|---|
| Policyholder: | Ladies Auxiliary VFW |
| Policy No. | ADD-11188 |
| Insured: | Anna F. Bohlen |
| Claim No.: | 50-44875 |

Dear Attorney Elliott:

We are writing to you regarding your appeal of the decision to deny Accidental Death benefits under the above captioned group insurance Policy. Based upon your request for reconsideration, Ms. Bohlen's claim file was forwarded to our Appeal Unit to conduct an independent review of the claim facts and the denial of benefits. This review has been conducted separately from the individuals who rendered the original adverse benefit determination and without deference to that decision.

We have completed our review of your appeal and it is our determination that Ms. Bohlen did not suffer a Covered Accident as defined by the Policy. Specifically, it was concluded Ms. Bohlen was not a Pedestrian or the licensed operator of or a passenger riding in, entering or alighting from a Motor Vehicle when she suffered her injury. Rather, it was determined Ms. Bohlen was injured when she fell while entering her house. Since Ms. Bohlen did not suffer a Covered Accident, we must maintain that Accidental Death benefits are not payable under the terms of the Policy.

Our appeal decision is based upon our full and fair review of Policy language and all documents contained in Ms. Brewington's claim file, viewed as a whole.

Our decision also considered the following new information:

- Your appeal letter dated 9/21/2021
- Affidavits of Elmer Charles Bohlen, Jr. and Deborha Bohlen dated 9/21/2021

P.O. Box 14087
Lexington, KY 40512

# EXHIBIT A

A claim for Accidental Death benefits was filed in connection to the December 14, 2020 death of Ann Bohlen.

The Policy defines "Covered Accident" in part as follows:

> Type A: On a Common Carrier: Must occur while a Covered Person is a fare paying passenger On a Common Carrier; or
> Type B: Interstate Highway Motor Vehicle Accident: Must occur while a Covered Person is a licensed operator of or passenger riding in, entering or alighting from a Motor Vehicle only while on an Interstate Highway; or
> Type C: Motor Vehicle/Pedestrian Accident: must occur while a Covered Person is a Pedestrian or the licensed operator of or a passenger riding in, entering or alighting from a Motor Vehicle.

That claim was denied after it was concluded Ms. Bohlen was injured when she fell while walking into her house and thus, was not injured in a Common Carrier/Motor Vehicle/Pedestrian accident as defined by the Policy and above, as is required for benefits to become payable under the terms of the Policy. The decision to deny benefits was explained via letter dated July 16, 2021 from Jeffrey Seltzer.

As indicated, the Death Certificate states Ms. Bohlen's Underlying Cause of death was "Subdural Hematoma." Other Significant Conditions listed were "Congestive Heart Failure; Atrial Fibrillation; Pleural Effusions, Bilateral; Dementia; Hypertension; Sick Sinus Syn." The Manner of Death states "Natural."

Initial Claim Forms completed by Elmer Bohlen, Jr. (decedent's son) include the following description of how the accident occurred: "She got out passenger door and standing beside car and fell backwards hitting the back of her head on concrete, causing head trauma to brain."

Medical Records from SSM Health St. Joseph Hospital, St. Charles, where Ms. Bohlen was transported after her fall note in part "Patient was discharged this morning from SJHW after being admitted on 11/24 for acute respiratory failure with CBF exacerbation. While walking into her house, patient lost balance, fell, and hit her head." A Palliative Medicine Consult Note states in part: "Anna F Bohlen is a 95 year old female with past medical history CBF, AF on Eliquis, HTN, MI, CVA with some residual dementia who is admitted after a fall with SDH. Lost balance walking into her house yesterday after discharge from SJHW and subsequently presented to the hospital."

It was noted that based on terms of the Policy, benefits are payable If a Covered Person sustains an Injury in a Covered Accident as defined and such Injury results in Loss of Life within 90 days of the date of the accident. The information provided indicates that Anna Bohlen was injured when she fell while walking into her house. The Policy defines Covered Accident in part as a Pedestrian or the licensed operator of or a passenger riding in, entering or alighting from a Motor Vehicle. The Policy defines Pedestrian as a Covered Person while he or she is standing or walking on an open public street or



# EXHIBIT A

highway. It was concluded that since Anna Bohlen was injured when she fell while walking into her house, she was not injured in a Common Carrier/Motor Vehicle/Pedestrian accident as defined in the Policy, as is required for benefits to become payable under the terms of the Policy. Therefore, it was concluded Accidental Death Benefits are not payable by The Hartford.

On appeal, you submitted Affidavits of Elmer Charles Bohlen, Jr. and Deborha Bohlen dated 9/21/2021 as well as duplicate copies of the claim forms and medical records. You did not provide arguments, but simply demanded payment of the $30,000 benefit within 30 days or you will proceed with civil suit.

In his Affidavit, Elmer Charles Bohlen, Jr. notes: "Upon arriving at their home, the affiant opened the passenger door for his mother, Anna Francis Bohlen, and assisted her in getting into position to exit the vehicle. He then went to get her 'walker' out of the back of the vehicle. As Anna Francis Bohlen was starting to stand up with her car door open, she lost her balance and fell over backward next to the automobile, hitting her head on the ground."

In her Affidavit, Deborha Bohlen also states the following: "Upon arriving at their home, the affiant's husband opened the passenger door for his mother, Anna Francis Bohlen, and helped move her to get her up out of the vehicle. He then went to get her 'walker' out of the back of the vehicle. As she had just stood up next to the car, Anna Francis Bohlen lost her balance and fell over backward, hitting her head on the ground." Ms. Bohlen later indicated: "The doctors at the hospital misunderstood exactly how and where the accident occurred, and did not accurately record how it occurred. Anna Francis Bohlen could not have been walking to the house, because she did not yet have the walker she needed to walk."

Multiple hospital record entries reflect Anna Bohlen fell and hit her head while walking into the house. Hospital records also confirm that Anna Bohlen was not able to provide history due to her medical condition. For example, in a Palliative Medicine Consult Note, hospital staff noted: "PT seen bedside – she answers a few questions, reports pain but unable to tell me where or how severe. Doesn't answer other questions and doesn't follow commands." Therefore, reports of Ms. Bohlen's fall had to have been relayed to hospital staff by Elmer Charles Bohlen, Jr. or Deborha Bohlen. While it is acknowledged Elmer Charles Bohlen, Jr. and Deborha Bohlen noted in their affidavits that Ms. Bohlen fell while exiting the passenger side of their vehicle; hospital record entries all reflect Ms. Bohlen fell while walking into her house. It is unclear why the nature of Ms. Bohlen's fall was relayed differently to hospital staff verses the way it was relayed to The Hartford.

Since medical records reflect Ms. Bohlen was injured when she fell while walking into her house, those records do not support the assertions by Elmer Charles Bohlen, Jr. and Deborha Bohlen. Thus, the medical records available for review do not support that Ms. Bohlen was injured in a Common Carrier/Motor Vehicle/Pedestrian accident as defined by the Policy, which is required for benefits to become payable under the terms of the

# EXHIBIT A

Policy. Accordingly, the decision to deny benefits as explained via letter dated July 16, 2021 from Jeffrey Seltzer must be upheld on appeal.

We have considered the arguments presented for review on appeal. However, for the reasons stated above, we are unable to reverse our position on the matter. We maintain that Ms. Bohlen failed to suffer a Covered Accident as defined by the Policy. Therefore, Accidental Death benefits are not payable under the terms of Policy ADD-11188.

The Hartford Life and Accident Insurance Co. reserves all rights and defenses available to us in making our determination. You are entitled to receive upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to this claim.

Although the Policy's Legal Actions provision contractually limits the time within which you may file such a civil action to no more than 3 years after the date Proof of Loss is required under terms of the Policy, we hereby extend the time for you to file a civil action disputing this adverse benefit decision to no later than October 5, 2024, which is 3 years from the date of this appeal decision.

Si necesita ayuda con esta carta en español, póngase en contacto conmigo en (800) 549-6514.

如果您阅读本信函需要中文普通话协助，请联系我，电话为 (800) 549-6514。

若您閱讀此信件時需要廣東話協助，請撥打 (800) 549-6514 聯絡我。

Kung kailangan mo ng tulong sa sulat na ito sa Tagalog, paki contact mo ako sa (800) 549-6514.

Díí ak'iashchíníí doo nił beehózingoo nika'adeeswoł. Shí nabo éí (800) 549-6514. Shich'į' hwidííl'ní.

If you have any questions or concerns, I can be reached directly at (860) 547-5489.

Sincerely,

Chris B. Davis,
Appeal Specialist
Hartford Life and Accident Insurance Company

# EXHIBIT A



# IN THE 45TH JUDICIAL CIRCUIT, LINCOLN COUNTY, MISSOURI

| Judge or Division:<br>GREGORY K. ALLSBERRY | Case Number: 21L6-CC00134 |
|---|---|
| Plaintiff/Petitioner:<br> ESTATE OF ANNA F. BOHLEN<br><br>                                                           vs. | Plaintiff's/Petitioner's Attorney/Address<br>LEE RENEAU ELLIOTT<br>151 WEST COLLEGE ST<br>P O BOX 225<br>TROY, MO  63379 |
| Defendant/Respondent:<br> HARTFORD LIFE & ACCIDENT INSURANCE COMPANY | Court Address:<br>LINCOLN COUNTY JUSTICE CENTER<br>45 BUSINESS PARK DRIVE<br>TROY, MO  63379 |
| Nature of Suit:<br>CC Breach of Contract | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** HARTFORD LIFE & ACCIDENT INSURANCE COMPANY
**Alias:**
**ONE HARTFORD PLAZA**
**HARTFORD, CT  06155**

*COURT SEAL OF*

*LINCOLN COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

_____10/21/2021_____                              _Karen Dye_____
                Date                                                                         Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server             Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____     _____
                                                Date                                         Notary Public

**Sheriff's Fees, if applicable**
Summons                              $_____
Non Est                                 $_____
Sheriff's Deputy Salary
Supplemental Surcharge   $____10.00_____
Mileage                               $_____ (_____ miles @ $._____ per mile)
**Total**                                 $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 21-SMCC-338**       1 of 1       Civil Procedure Form No. 1; Rules 54.01 – 54.05,
                                                                                                                                                 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

# EXHIBIT A

*Return*



# IN THE 45TH JUDICIAL CIRCUIT, LINCOLN COUNTY, MISSOURI

SB
11:20

| Judge or Division: GREGORY K. ALLSBERRY | Case Number: 21L6-CC00134 |
|---|---|
| Plaintiff/Petitioner: ESTATE OF ANNA F. BOHLEN | Plaintiff's/Petitioner's Attorney/Address LEE RENEAU ELLIOTT 151 WEST COLLEGE ST P O BOX 225 TROY, MO 63379 |
| vs. | |
| Defendant/Respondent: HARTFORD LIFE & ACCIDENT INSURANCE COMPANY | Court Address: LINCOLN COUNTY JUSTICE CENTER 45 BUSINESS PARK DRIVE TROY, MO 63379 |
| Nature of Suit: CC Breach of Contract | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: HARTFORD LIFE & ACCIDENT INSURANCE COMPANY
Alias: Serve: REG. AGT: C.T. CORP. SYSTEM 120 SO. CENTRAL CLAYTON, MO. 63105

30 CIOR UIM

**COURT SEAL OF LINCOLN COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

10/21/2021                                   Karen Dye
Date                                         Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to LCW - B. LOVE (name) INTAKE SPECIALIST (title).
☐ other: _____

Served at CT CORPORATION  St. Louis County  (County/City of St. Louis), MO, on NOV 0 2 2021 (date) at 9 AM (time).

Tiffany Mooney
Printed Name of Sheriff or Server          Signature of Sheriff or Server

RECEIVED 2021 OCT 25 PM 3:22 ST. LOUIS COUNTY SHERIFF'S OFFICE

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)  My commission expires: _____  _____
                                Date    Notary Public

**Sheriff's Fees, if applicable**
Summons           $ _____
Non Est           $ _____
Sheriff's Deputy Salary
Supplemental Surcharge  $ 10.00
Mileage           $ _____ (___ miles @ $____ per mile)
Total             $ _____

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

21-SMCC-9657

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 21-SMCC-338   1 of 1   Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

# EXHIBIT A